United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Soneet R. Kapila, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 15-61016-Civ-Scola |
| Davis, Graham & Stubbs LLP and | ) |
| S. Lee Terry, Defendants. | ) |

### **Order on Report and Recommendations from Bankruptcy Court**

This matter is before the Court upon the Plaintiff's Objections (ECF No. 8) to the Bankruptcy Court's Report and Recommendation to the District Court to Grant Defendants' Cross-Motion for Final Summary Judgment (Report, ECF No. 9-1). The Defendants Davis, Graham & Stubbs LLP and S. Lee Terry filed a response (ECF No. 15), and the Plaintiff filed a reply (ECF No. 16). Having considered the supporting and opposing submissions, the record and the applicable law, the Court overrules the Plaintiff's objections and accepts and affirms the bankruptcy court's Report.

1. **Background**

This case arises within the larger context of a bankruptcy proceeding involving SMF Energy Corporation. SMF provided mobile fuel services to companies that had fleets of vehicles, either by delivering the fuel to storage tanks, or by directly fueling the vehicles owned by its customer companies. SMF employed a billing practice called incremental volumetric allowance ("IVA"), whereby SMF added a charge for fuel it delivered, by billing certain customers for fuel that the customers did not actually receive. The Defendants were retained to provide advice and opine upon the legality of the IVA. Ultimately, it was determined that the IVA charge was not lawful, and after eight years of utilizing the billing practice, SMF incurred sufficient unrecorded liabilities to cause its insolvency. As a result, SMF filed for bankruptcy under Chapter 11 of the Bankruptcy Code. The Plaintiff is the trustee appointed to spearhead the liquidation of SMF's assets.

In this adversarial case, the Plaintiff contends that the Defendants were negligent in providing legal advice regarding the legality of the IVA, and that SMF relied upon that advice. Thus, the Plaintiff asserts a claim against the Defendants for legal malpractice. In addition, in a related adversarial proceeding (Case No. 14-61194-Civ-Scola, the "GT Case"), the Plaintiff asserted professional

negligence and accounting malpractice claims against Grant Thornton, LLP, the accounting firm that audited SMF's financial statements.

In the GT case, the Plaintiff alleged that the IVA billing occurred with knowledge of at least some of SMF's officers and directors. (*See e.g.*, Case No. 14-01162-RBR, ECF No. 1 ¶¶ 114, 127-129.) This Court determined that summary judgment was proper upon the professional negligence and accounting malpractice claim on the basis that such claims are barred by the *in pari delicto* defense. (GT Case, ECF No. 20.) In pertinent part, this Court found that the alleged overbilling was intended to and did benefit SMF to the detriment of outsiders, that SMF and Grant Thorton were engaged in the same wrongdoing, and that SMF's responsibility for the overbilling scheme was at least equal, if not greater than, Grant Thornton's alleged wrongdoing in allowing the overbilling to continue and assisting the breaches of fiduciary duty. (*See id.* at 5-6.)

Based upon this Court's findings in the Grant Thornton case, the bankruptcy court determined that the doctrines of issue preclusion and judicial admissions apply to this proceeding, and therefore, that the Defendants in this case are entitled to rely upon the *in pari delicto* doctrine as a bar to the Plaintiff's claim. *See* Report, ECF No. 9-1. The Plaintiff objects on several grounds discussed below.

**2. Standard of Review**

The Court reviews de novo those portions of the bankruptcy judge's report and recommendation to which the parties have objected. Fed. R. Bankr. P. 9033(d). In evaluating the parties' underlying motions for summary judgment, the Court applies the familiar legal standard. "Summary judgment is appropriate where the pleadings, affidavits, depositions, admissions, and the like show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015) (punctuation & citation omitted). "[T]o survive summary judgment, the nonmoving party must . . . make a showing sufficient to permit the jury to reasonably find on its behalf." *Id.*

**3. Discussion**

The Plaintiff raises five objections to the bankruptcy court's report and recommendation: (1) there is a genuine issue of material fact as to whether SMF knew that the IVA was unlawful, precluding application of the *in pari delicto* defense; (2) the order in the GT case does not have preclusive effect in this case; (3) the Plaintiff's allegations in the GT case are not admissions under the exception permitting inconsistent pleadings; (4) Florida's comparative fault statute precludes the application of *in pari delicto* to legal malpractice claims;

and, (5) the bankruptcy court failed to properly weigh policy considerations that preclude the application of *in pari delicto* in this case.

Upon review, the Court agrees with the bankruptcy court's reasoning in its Report, and finds that the Plaintiff's objections should be overruled. The common law defense of *in pari delicto* is based on "[t]he principle that a plaintiff who has participated in wrongdoing may not recover damages resulting from the wrongdoing." *Earth Trades, Inc. v. T & G Corp.*, 108 So. 3d 580, 583 (Fla. 2013) (quoting Black's Law Dictionary 806 (8th ed. 2004)). The defense is applied where the plaintiff is at least as at fault as the defendant for the injury for which the plaintiff seeks compensation. *Official Comm. of Unsecured Creditors of PSA, Inc. v. Edwards*, 437 F.3d 1145, 1154 (11th Cir. 2006) (quoting *Bateman Eichler, Hill Richards, Inc. v. Berner*, 472 U.S. 299, 306–309 (1985) ("in its classic formulation, the *in pari delicto* defense was narrowly limited to situations where the plaintiff truly bore at least substantially equal responsibility for his injury," and "where a plaintiff truly bore at least substantially equal responsibility for the violation, a defense based on such fault . . . should be recognized.")). The doctrine serves two purposes: precluding courts from entangling "their good offices [in] mediating disputes among wrongdoers" and "deterring illegality" by "denying judicial relief to an admitted wrongdoer." *O'Halloran v. PricewaterhouseCoopers LLP*, 969 So. 2d 1039, 1044 (Fla. 2d DCA 2007). The Plaintiff maintains that in order for *in pari delicto* to apply in this case, the Defendants must show that SMF knew that the IVA was unlawful. However, as the bankruptcy court correctly held, the Plaintiff has conceded as much in his allegations in the GT case.

The bankruptcy court relied primarily upon *In re Gosman*, 382 B.R. 826 (S.D. Fla. 2007) (Gold, J.), the applicability of which the Plaintiff dismisses in a footnote. (*See* ECF No. 8, n.3.) However, the Plaintiff's objections amount to nothing more than disagreement with the bankruptcy court's decision, and the Plaintiff provides no authority to persuade the Court that the principles in *Gosman* should not apply in this case, especially where the Plaintiff concedes the factual inconsistencies between the GT case and the instant case. While Rule 8 encompasses pleading of inconsistent theories, the Rule does not otherwise permit pleading of inconsistent facts, particularly in an adversary proceeding within a bankruptcy. *See Gosman*, 382 B.R. at 843 ("A party is bound by the admissions in its pleadings, and judicial admissions are proof possessing the highest possible probative value.") (internal quotations and citation omitted).

Furthermore, the Plaintiff provides no support for his contention that the 2011 amendment to Florida's comparative fault statute eliminated the *in pari delicto* defense in legal malpractice claims, and the Court has found none. Finally, the Plaintiff urges the Court to consider that permitting the *in pari*

*delicto* defense to bar the claim in this case would essentially prevent all potential legal malpractice claims against corporate counsel advising on commercial practices in cases like this. However, the other policy to consider in this case is not permitting a party to plead inconsistent facts based upon the particular cause of action the party attempts to assert. The Court finds that in this case, the latter far outweighs the former.

### 4. Conclusion

Accordingly, the Court overrules the Plaintiff's objections. The bankruptcy court's Report (**ECF No. 9-1**)is **affirmed and adopted**. The Defendants' motion for partial summary judgment is granted, and the remaining motions are denied as moot. The Clerk of Court is directed to **close** this case.

**Done and ordered** at Miami, Florida, on December 7, 2017.

_____
Robert N. Scola, Jr.
United States District Judge