United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Soneet R. Kapila, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 15-61016-Civ-Scola |
| Davis, Graham & Stubbs LLP and | ) |
| S. Lee Terry, Defendants. | ) |

## Order on Motion for Reconsideration

The Plaintiff Soneet R. Kapila, as the liquidating trustee of the SMF Energy Liquidating Trust, asks the Court to reconsider its order granting summary judgment in favor of the Defendants Davis, Graham & Stubbs LLP and S. Lee Terry (the "Order") (ECF No. 20). For the reasons that follow, the Trustee's motion (**ECF No. 21**) is **denied**.

Rule 59(e) permits a motion to alter or amend a judgment. "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal quotations omitted). The decision to grant or deny a motion for reconsideration is committed to the district court's sound discretion. *See Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (reviewing reconsideration decision for abuse of discretion). Reconsideration is appropriate only in very limited circumstances, such as where "the Court has patently misunderstood a party, where there is an intervening change in controlling law or the facts of a case, or where there is manifest injustice." *See Vila v. Padron*, 2005 WL 6104075, at *1 (S.D. Fla. Mar. 31, 2005) (Altonaga, J.). "Such problems rarely arise and the motion to reconsider should be equally rare." *See id.* (citation omitted). In order to obtain reconsideration, "the party must do more than simply restate its previous arguments, and any arguments the party failed to raise in the earlier motion will be deemed waived." *See id.* "[A] motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.).

The Court granted partial summary judgment in the Defendants' favor based on the application of issue preclusion and judicial admissions and that

the Defendants are therefore entitled to rely upon the *in pari delicto* doctrine as a bar to the Trustee's claim in this case. The Trustee submits that the Court's order is based on a manifest error of law or fact and should be vacated upon reconsideration. (Pl.'s Mot. at 5.) The Trustee's argument, however, merely rehashes issues that the Court has already considered. The Trustee disagrees with the Court's evaluation of the facts, as well as the Court's application of the relevant law to these facts. For example, the Trustee quarrels with the Court's application and analysis of *In re Gosman*, 382 B.R. 826 (S.D. Fla. 2007) (Gold, J.). The Court relied on the case to support the notion that a trustee may not take different factual positions in separate adversarial proceedings within an overarching bankruptcy proceeding. Although the Trustee maintains that *In re Gosman* does not apply and disagrees with the Court's interpretation of the outer bounds of Rule 8, the Trustee's criticisms of the Court's reasoning, even if valid, merely seek to relitigate issues that have already been decided. The Trustee's motion is therefore not well-taken.

Accordingly, the Court **denies** the Trustee's motion for reconsideration (**ECF No. 21**). This case shall remain closed.

**Done and ordered** at Miami, Florida, on February 20, 2018.

Robert N. Scola, Jr.
United States District Judge