UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-61016-CIV-RNS

SONEET R. KAPILA,
LIQUIDATING TRUSTEE
OF SMF ENERGY
LIQUIDAITNG TRUST,

        Plaintiff,

vs.

DAVIS, GRAHAM & STUBBS
LLP and S. LEE TERRY, JR.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Defendants' Motion for Entry of Costs of Litigation (ECF No. 39) which was referred to United States Magistrate Judge Lurana S. Snow for a Report and Recommendation. The Motion is fully briefed and oral argument was conducted on May 23, 2018.

This case was filed in January 2015 as an adversary action by the Liquidating Trustee,[1] claiming that the Defendants, a law firm and an attorney, committed malpractice during the representation of SMF Energy. (ECF No. 38-3) The Plaintiff claimed damages of approximately $80 million. (ECF No. 54 at 4)  In their Answer, the Defendants raised the defense of *in pari delicto* (equal in guilt or fault). (ECF No. 38-8 at 22)  On December 7, 2017, this Court granted summary judgment in favor of the Defendants based on the doctrine of *in pari delicto*.  (ECF No. 20)

The Defendants seek an award of costs in the total amount of $28,364.86, based on $19,807.62 for transcripts and $8,557.24 for copies.  (ECF No. 39-1) The Plaintiff objects to the costs of videotaped depositions ($8,311.52) as duplicative and to the costs for copies based on the

---

[1]The parties jointly moved to withdraw the reference to Bankruptcy Court (ECF No. 1), which was granted in part (ECF No. 6).

Defendants' failure to demonstrate that they were copies necessarily obtained for use in the case. The Plaintiff also objects to the cost of a hearing transcript ($187.75), which claim the Defendants have withdrawn.

## I. ANALYSIS

Pursuant to Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920, the Court shall award costs to the prevailing party in a lawsuit. Rule 54(d) creates a presumption in favor of awarding costs, which the opposing party must overcome. Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991).

Taxable costs are identified in 28 U.S.C. § 1920:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The decision to award costs is discretionary with the Court, but the Court may tax items specifically enumerated in § 1920, absent alternative contractual or statutory authority. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

### A. Transcripts

The Defendants' claim of $19,807.62 includes the cost of videotapes for depositions where transcripts also were ordered. The Plaintiff objects to the videotape costs as duplicative and unnecessary. However, in Morrison v. Reichhold Chemicals, Inc., 97 F.3d 460, 465 (11th Cir. 1996), the court held that "when a party notices a deposition to be recorded by nonstenographic

means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed." Here, the Plaintiff does not dispute the Defendants' claim that the depositions in question were properly noticed and the Plaintiff interposed no objections.

At oral argument, counsel for the Defendants stated that they planned to utilize the videotaped depositions at trial. The undersigned finds that under these circumstances, it was reasonable for the Defendants to obtain stenographic transcripts to assist in trial preparation, as trial preparation using only videotapes would have been difficult and cumbersome. Accordingly, the cost of videotaped depositions should be allowed.

### B. Copies

The Plaintiff objects to the claimed copying costs on the ground that the Defendants have not shown that the copies necessarily were obtained for use in the case. In Scelta v. Delicatessen Support Services, Inc., 203 F. Supp.2d 1328, 1340 (M.D. Fla. 2002), the Court recognized that under 28 U.S.C. § 1920(4) photocopying is compensable if it was necessarily obtained for use in the case. "In making this determination, 'the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers in issue.'" Id. at 1340, quoting E.E.O.C. v. W&O, Inc., 213 F.3d 600, 623 (11th Cir. 2000). The court further noted that the burden of establishing entitlement to copying costs lies with the prevailing party, citing Desisto College, Inc. v. Town of Howey-in-the-Hills, 718 F.Supp. 906, 914 (M.D. Fla. 1989) (holding that the prevailing party must itemize photocopying costs to distinguish compensable copies from those made for the convenience of counsel).

The Scelta court held that billing records which merely list "copies" or "photocopies" without any description of the nature or purpose of the photocopying were insufficient. The court acknowledged that although an accounting for each photocopy was implausible, the prevailing party must make some attempt to differentiate recoverable copying costs from non-recoverable general

photocopying expenses. Scelta, 203 F. Supp. 2d at 1340, citing Fulton Fed. Savings & Loan Ass'n of Atlanta v. Am. Ins. Co., 143 F.R.D. 292, 300 (N.D. Ga. 1991). Since the court had no basis for determining which copying costs were compensable, the claim was rejected in its entirety. Scelta, 203 F. Supp. 2d at 1340-1341; *see also,* Aranda v. Jewish Community Servs. of South Fla, Inc., Case No. 05-21142-CIV-Seitz/McAliley, 2007 WL 707384 (S.D. Fla. March 5, 2007).

"The party seeking to recover photocopy costs must come forward with evidence showing the nature of documents copied and how they were used or intended to be used in the case." Corsair Asset Mgmt., Inc. v. Moskovitz, 142 F.R.D. 347, 352 (N.D. Ga. 1992), citing Fulton Federal Savings & Loan Ass'n of Atlanta v. Am. Ins. Co., 143 F.R.D. 292, 300 (N.D. Ga. 1991). "Simply making unsubstantiated claims that such documents were necessary is insufficient to permit recovery." Id..

In the instant case, the Defendants have stated that the claimed costs are for copies of discovery documents maintained by the Plaintiff in a warehouse which the Defendants were permitted to inspect and copy. "'Copies attributable to discovery' are a category of copies recoverable under § 1920(4)." E.E.O.C. v. W&O, Inc., 213 F.3d 600 at 623 (11th Cir. 2000) (quoting DeSisto, 718 F. Supp. at 913). Accordingly, the Defendants are entitled to their claimed costs of making copies.

## II. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that Defendants' Motion for Entry of Costs of Litigation (ECF No. 39) be GRANTED, and that the Defendants be awarded costs in the amount of $28,177.11 ($28,364.86 - $187.75) .

The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with The Honorable Robert N. Scola, United States District Judge. Failure to file objections timely shall bar the parties from a de

novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice.  See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 5th day of June, 2018.

*[signature]*
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record