UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-61016-CIV-RNS

SONEET R. KAPILA,
LIQUIDATING TRUSTEE
OF SMF ENERGY
LIQUIDAITNG TRUST,

                         Plaintiff,

vs..

DAVIS, GRAHAM & STUBBS
LLP and S. LEE TERRY, JR.,


                         Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Defendants' Verified Motion for Attorneys' Fees and Non-Taxable Costs (ECF No. 50), which was referred to United States Magistrate Judge Lurana S. Snow for a Report and Recommendation. The Motion is fully briefed and oral argument was conducted on May 23, 2018.

This case was filed in January 2015 as an adversary action by the Liquidating Trustee,[1] claiming that the Defendants, a law firm and an attorney, committed malpractice during the representation of SMF Energy. (ECF No. 38-3) The Plaintiff claimed damages of approximately $80 million. (ECF No. 54 at 4) In their Answer, the Defendants raised the defense of *in pari delicto* (equal in guilt or fault). (ECF No. 38-8 at 22) On May 26, 2015, the Defendants tendered their first proposal for settlement in the amount of $50,000.00. The second proposal for settlement was made on January 7, 2016, in the amount of $100,000.00. The third and final proposal was made on May 8, 2017, in the amount of $150,000.00 (ECF No. 50-2) None of these proposals was accepted by the Plaintiff. On December 7, 2017, this Court granted summary judgment in favor of the Defendants based on the doctrine of *in pari delicto*. (ECF No. 20)

---

[1] The parties jointly moved to withdraw the reference to Bankruptcy Court (ECF No. 1), which was granted in part (ECF No. 6).

In the instant Motion, pursuant to Fla. Stat. § 768.79, the Defendants request attorneys' fees incurred after the first proposal for settlement was made, in the total amount of $1,862,203.24 for 5,320.8 hours of work by legal professionals. This total is based on 576.40 hours of work by attorney David P. Ackerman at the rate of $550.00 per hour; 520.00 hours by attorney Scott J. Link at the rate of $550.00 per hour; 1226.40 hours by attorney Kristen L. McKeever at $375.00 per hour; 901.50 hours by attorney Dana E. Foster at $375.00 per hour; 5.90 hours by attorney Lanelle Meidan at $375.00 per hour; 4.00 hours by attorney Tracy Berkman at $305.00 per hour; 258.8 hours by attorney E. Raul Novoa, Jr. at $225.00 per hour; 66.60 hours by attorney Jessica B. Rosenthal at $225.00 per hour; 1.40 hours by attorney Christine B. Gardner at $225.00 per hour; 246.10 hours by paralegal Keisha Lee at $175.00 per hour; 1006.80 hours by paralegal Linda Davey at $175.00 per hour; 156.90 hours by paralegal Tina Campbell at $175.00 per hour; 26.8 hours by paralegal Vicki Colletti at $175.00 per hour; 273.5 hours by attorney Chad P. Pugatch at $525.00 per hour; 9.60 hours by attorney George L. Zinkler, III at $300.00 per hour; 37.8 hours by paralegal Jose Heredia at $160.00 per hour, and 2.30 hours by law clerk Jonathan Fernandez at $90.00 per hour. (ECF No. 50 at 8-9)  The Defendants also seek expert witness costs in the amount $274,741.73.

The Plaintiff does not object to the hourly rates or to the time spent on any specific task.  However, he contends that attorneys' fees should be awarded only for work performed after the third proposal for settlement on the ground that the first two offers were not made in good faith, and that amount of fees is $196,844.96. Alternatively, the Plaintiff suggested at oral argument that a reasonable fee for all work performed after the first proposal for settlement is the same amount: $196,844.96. The Plaintiff's request that the Court defer ruling on this Motion until the conclusion of the direct appeal was denied prior to the hearing on the Motion. (ECF No. 52)

## I. <u>ANALYSIS</u>

### A. <u>Florida Offer of Judgment Statute</u>

The Defendants contend that they are entitled to an award of attorneys' fees pursuant to Fla. Stat. § 768.79, Florida's offer of judgment statute.  The Defendants correctly point out that

this statute is substantive, and thus applies in federal diversity cases.  Southeast Floating Docks, Inc. v. Auto-Owners Ins. Co., 82 So.3d 73 (Fla. 2012). Pursuant to Fla. Stat. § 768.79 (6)(a),

> If a defendant serves an offer which is not accepted by the plaintiff and if the judgment obtained by the plaintiff is at least 25 percent less than the amount of the offer, the defendant shall be awarded reasonable costs, including investigative expenses, and attorney's fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the offer was served ....

Since Plaintiff was awarded nothing, it clearly was less than 25% of the offer of judgment extended by the Defendants.

The Court may refuse to award fees and costs if it determines that the offer was not made in good faith. Fla. Stat. § 768.79 (7)(a). "Although 'nominal offers are suspect where they are not based on any assessment of liability and damages,' they can be valid if the offerors have 'a reasonable basis at the time of the offer to conclude that their exposure was nominal.'" McMahan v. Toto, 311 F.3d 1077, 1083 (11th Cir. 2002) (quoting  Fox v. McCaw Cellular Communications of Fla., Inc., 745 So.2d 330, 332 (Fla. 4th Dist. Ct. App. 1998)).  This is because "[t]he good faith requirement of § 768.79(7)(a) does not 'demand that an offeror necessarily possess, at the time he makes an offer or demand under the statute, the kind or quantum of evidence needed to support a judgment.  The obligation of good faith merely insists that the offeror have some reasonable foundation on which to base an offer.'" McMahan, 311 F.3d at 1083 (quoting Schmidt v. Fortner, 629 So.2d 1036, 1039 (Fla. 4th Dist. Ct. App. 1993)).  Thus, an "offer of judgment ought to fairly account for the risks of litigation, the costs and fees at stake, and the other components of uncertainty that sophisticated persons assay when deciding whether to settle," and "should be sufficient to cause a temperate and knowledgeable attorney to pause and carefully evaluate his client's stance." Stouffer Hotel Co. v. Teachers Ins., 944 F. Supp. 874, 875 (M.D. Fla. 1995).  The burden of proving  that an offer was not made in good faith is on the offeree. McMahan, 311 F. 3d at 1083; Schmidt, 629 So.2d at 1041 n.6.

In the instant case, the Plaintiff asserts that the Defendants' first two offers were nominal and were not made in good faith.  In support of this contention, the Plaintiff argues that the

$50.000.00 offer should be deemed to be nominal in light of the $80 million damage exposure. Additionally, the Plaintiff notes that the Defendants did not present any argument on the doctrine of *in pari delicto* in their motion to dismiss or their motions for summary judgment, and that the Court's order finding in favor of the Defendants was entered in connection with the Plaintiff's motion for partial summary judgment on the *in pari delicto* defense, which the Defendants opposed. According to the Plaintiff, the third proposal for settlement was made in good faith because it was tendered after the Court found, in March 2017, that the Plaintiff could not prevail on a similar claim against SMF Energy's auditors based on *in pari delicto*. Soneet R. Kapila, Liquidating Trustee of the SMF Energy Liquidating Trust v. Grant Thornton, LLP, Case No. 14-61194-CIV-RNS, ECF No. 20.

The undersigned is not persuaded by the Plaintiff's emphasis on the Defendants' failure to argue the defense of *in pari delicto* in its motion to dismiss and motions for summary judgment. On August 13, 2014, in the Grant Thornton case, United States Bankruptcy Judge Raymond B. Ray denied the Defendant's motion to dismiss, which primarily was based on the *in pari delicto* defense. Soneet R. Kapila, Liquidating Trustee of the SMF Energy Liquidating Trust v. Grant Thornton, LLP, Case No. 14-01162-RBR, ECF No. 57. Then, on October 16, 2016, Judge Ray recommended that the Plaintiff's motion for partial summary judgment on the *in pari delicto* defense be denied because there were disputed issues of material fact on the issue. Id. at 267. The Defendants' motions for summary judgment in the instant case were filed after the entry of Judge Ray's Report and Recommendation, October 17, 2016 (ECF Nos. 38-9 to 38-11), and they reasonably would have presumed that Judge Ray would find that there were disputed issues of material fact on the *in pari delicto* defense in this case.

Additionally, the Defendants' belief that they would not prevail on this defense prior to trial has no bearing on the reasonableness of their belief that they would prevail on this and/or other defenses at trial. In this context, an early offer of $50,000.00 to save on fees and costs had a reasonable basis. Moreover, as the Defendants correctly point out, no case has found a proposal for

settlement in the amount of $50,000 to be a nominal offer, and the determination of reasonableness should not be dictated by the amount of damages claimed.

Finally, although not controlling on this issue, the reasonableness of the Defendants' assessment of their exposure is bolstered by the fact that they obtained a favorable judgment. In McMahan, 311 F.3d at 1083-84, the court found there was a reasonable basis for a settlement offer of $100.00, noting that "[t]he argument of MBM and McMahan that Toto lacked any reasonable basis for believing he would prevail against them ignores the inconvenient fact that he did prevail," adding that "[t]o accept in the same case in which a party did prevail the notion that there was no reasonable basis for that party prevailing would require self-contradiction on a scale that we are unwilling to consider."Id.

The undersigned finds that the Plaintiff has failed to meet his burden of demonstrating absence of good faith, and concludes that the Defendants had a reasonable foundation on which to base the first offer of $50,000.00.  Accordingly, the Defendants are entitled to attorneys' fees incurred on or after the date on which the first proposal for settlement was served.

### B. Lodestar Amount

This Court must calculate a reasonable attorney fee by utilizing the "lodestar" method described in Hensley v. Eckerhart, 461 0.S. 424 (1983), which held that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," since this computation "provides an objective basis on which to make an initial estimate of the value of a lawyer's services."  Id. at 433.

The party seeking an award of fees should submit evidence supporting the hours worked and the hours claimed.  Where the documentation of hours is inadequate, the district court may reduce the award accordingly. A district court also should exclude from this initial fee calculation any hours that were not "reasonably expended."  Id. at 433-34.  Therefore, counsel for the prevailing party "should make a good-faith effort to exclude from a fee request hours that are

excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Id. at 434.

The Eleventh Circuit has adopted the lodestar approach as the method to be used in calculating federal statutory fee awards. Norman v. Housing Auth. of Montgomery, 836 F.2d 1292 (11th Cir. 1988). The court must begin by determining a reasonable hourly rate, which is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Id. at 1299, citing Blum v. Stenson, 465 U.S. 886, 895 (1984). The applicant bears the burden of proving, by direct or opinion evidence, that the requested rate is in line with prevailing market rates. Norman, 836 F.2d at 1299.

The applicant also bears the burden of documenting his or her time expenditures, and may submit opinions as to their reasonableness. Id. at 1303. However, the court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Id. Moreover, where billing records are voluminous, "a district court may make a reasonable across the board reduction in hours instead of engaging in the pick and shovel work necessary to make a more precise determination." Kenny A. ex rel. Winn v. Perdue, 532 F.3d 1209, 1220 (11th Cir. 2008), overruled on other grounds, 559 U.S. 542 (2010).

In the instant case, the Plaintiff does not object to the hourly rates claimed by Defendants' counsel. The undersigned finds that the claimed rate of $175.00 - $550.00 per hour is within the range of rates charged in the Southern District of Florida for similar services by lawyers and paralegals of reasonably comparable skills, experience and reputation.[2] As to the hours claimed, the Plaintiff suggests that $196,844.96 is a reasonable fee for services rendered by Defendants' counsel from the time of the first proposal for settlement, arguing that if the Defendants had raised

---

[2] The qualifications of the timekeepers are detailed in the Affidavit of David P. Ackerman in support of the instant Motion. (ECF No. 50-1)

the defense of *in pari delicto* in a motion to dismiss, the case would have been resolved shortly after it was filed.

Rule 7.3(a) of the Local Rules for this District requires that a response to a motion for attorney's fees "describe with reasonable particularity each time entry or nontaxable expense to which [the party] objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority." The Plaintiff has not provided any particularized, or even general basis for the Court to reduce the hours claimed. His only stated basis for reducing the claimed hours is the contention that the Defendants should have moved to dismiss based on *in pari delicto*. As noted earlier, Judge Ray denied a motion to dismiss on this ground in the <u>Grant Thornton</u> case in August 2014, and the Defendants had no reason to expect a different ruling in this action.

At oral argument counsel for the Defendants noted they participated in 17 depositions and were required to engage the services of experts on liability and damages. They also pointed out that all discovery disputes except one were resolved without the need for court involvement, and that two sets of fee reductions were made and numerous hours were not claimed. (ECF No. 50-1) Based on a thorough review of the supporting documentation filed by the Defendants in support of the instant Motion (ECF No. 50-2 to 50-36), and in light of the Plaintiff's failure to lodge any meaningful objection to the hours and expert fees claimed, the undersigned finds that the requested amounts are reasonable and should be awarded.

## II. <u>CONCLUSION</u>

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that Defendants' Verified Motion for Attorneys' Fees and Non-Taxable Costs (ECF No. 50) be GRANTED, and that the Defendants be awarded $1,862,203.24 in attorneys' fees and $274,741.73 in non-taxable expert witness costs.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the

Honorable Robert N. Scola, United States District Judge.  Failure to file objections timely shall bar the parties from a <u>de novo</u> determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice.  <u>See</u> 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985); <u>Henley v. Johnson</u>, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 5th day of June, 2018.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

  All Counsel of Record