United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Soneet R. Kapila, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 15-61016-Civ-Scola |
| | ) |
| Davis, Graham & Stubbs LLP and | ) |
| S. Lee Terry, Defendants. | ) |

## **Order Adopting Magistrate's Report And Recommendation**

This matter was referred to United States Magistrate Judge Lurana S. Snow for a report and recommendation on the Defendants' verified motion for attorneys' fees and non-taxable costs (Mot., ECF No. 50). (*See* Order, ECF No. 53.) On June 5, 2018, Judge Snow issued a report ("R&R"), recommending that the Court grant the motion and award the Defendants attorneys' fees in the amount of $1,862,203.24 and $274,741.73 in non-taxable expert witness costs. (R. & R., ECF No. 59.) The Plaintiff filed objections to the R&R (ECF No. 61), to which the Defendants responded (ECF No. 64), and the Plaintiff replied (ECF No. 67). The Court has reviewed de novo those portions of Judge Snow's report to which the Plaintiff objects, and the remaining parts for clear error. *See* 28 U.S.C. § 636(b); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

In his objections and reply, the Plaintiff restates and expands upon the arguments he made in his original opposition to the Motion and in oral argument to Judge Snow. "It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R." *Marlite, Inc. v. Eckenrod*, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (Moreno, J.) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). Thus, the Plaintiff's objections are due to be overruled on this basis alone. Moreover, the Plaintiff does not point to errors in Judge Snow's findings, reasoning, or conclusions; he contends instead that because she did not directly address in her R&R the factors applicable to determining whether the first two offers of judgment were made in good faith, she failed to adequately consider them. A review of the record belies this contention. And, in any event, his contention is largely based upon the position that the Court's good faith

inquiry should focus upon whether the offers were made in good faith from the Plaintiff's perspective. That is not an accurate view of the law. *See McGregor v. Molnar*, 79 So. 3d 908, 911 (Fla. 2d DCA 2012) ("The question of whether a proposal was served in good faith turns entirely on whether the offeror had a reasonable foundation upon which to make his offer . . . .") (internal citation omitted); *see also Segundo v. Reid*, 20 So. 3d 933, 937 (Fla. 3d DCA 2009) ("[T]he trial court must determine whether the offeror had a reasonable foundation upon which to make the offer.") (internal quotations and citation omitted).

Therefore, having considered Judge Snow's R&R, the objections, response and reply, the record and the relevant legal authorities, this Court finds Judge Snow's R&R cogent and compelling. The Court **affirms and adopts** Judge Snow's R&R (**ECF No. 59**). The Court **grants** the Defendants' motion for attorneys' fees and non-taxable costs (**ECF No. 50**). Consistent with the report, the Court awards **$1,862,203.24** in attorneys' fees and **$274,741.73** in non-taxable expert witness costs to the Defendants to be paid by the Plaintiff.

**Done and ordered** at Miami, Florida, on August 3, 2018.

_____
Robert N. Scola, Jr.
United States District Judge